UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODERICK RAY, et al.,

    Plaintiffs,

v.

US BANK NATIONAL
ASSOCIATION, SUCCESSOR
TRUSTEE TO BANK OF
AMERICA, SUCCESSOR BY
MERGER TO LASALLE
BANK, NA, TRUSTEE,

    Defendant.

Case No. 14-cv-11831
Hon. Matthew F. Leitman

_____/

**<u>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF #7)</u>**

In this action, Plaintiffs Roderick and Mattie Ray (collectively, "the Rays") contest the foreclosure of their real property in Detroit, Michigan. (*See* the "Complaint," ECF #1-2.) Defendant US Bank National Association, Successor Trustee to Bank of America, Successor by Merger to LaSalle Bank, N.A., Trustee ("US Bank") has now moved to dismiss the Rays' Complaint. (*See* the "Motion," ECF #7.) For the reasons explained below, the Court **GRANTS** US Bank's Motion.

1

# FACTUAL BACKGROUND AND PROCEDURAL HISTORY OF THIS ACTION

In 2006, the Rays obtained a loan from First Franklin, a Division of National City Bank ("First Franklin") to purchase real property located at 15005 Faust Avenue in Detroit, Michigan (the "Property"). (*See* the "Note," ECF #7-2.) As security for the loan, the Rays granted a mortgage against the Property to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for First Franklin. (*See* the "Mortgage," ECF #1-2 at 24-32, Pg. ID 34-42.) On or about December 6, 2007, MERS assigned the Mortgage to LaSalle Bank, National Association ("LaSalle"). (*See* ECF #7-4.)[1]

Thereafter, the Rays fell behind on their payment obligations under the Note. (*See* Compl. at ¶2.) In 2009, LaSalle initiated foreclosure proceedings and purchased the Property at a foreclosure sale (the "2009 Foreclosure"). (*See* ECF #1-2 at 23, Pg. ID 33.) However, following post-foreclosure litigation between the parties, LaSalle set aside the 2009 Foreclosure and revived the Mortgage. (*See id.*)

The Rays allege that after the 2009 Foreclosure, the servicer of their loan, Bank of America, was required to "engage in loss mitigation" with the Rays pursuant to a class action settlement. (Compl. at ¶7.) The Rays submitted several

---

[1]   Specifically, MERS assigned the Mortgage to LaSalle "as Trustee for First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-FF18." (*Id.*)

loan modification proposals to Bank of America. (*See id.* at ¶8.)[2] However, Bank of America never modified the Rays' loan, and the Rays again defaulted on their payment obligations under the Note. (*See id.* at ¶12.)

In 2012, LaSalle assigned the Mortgage to US Bank. (*See* ECF #7-9, Pg. ID 273.) US Bank initiated foreclosure proceedings, and it purchased the Property at a sheriff's sale on June 20, 2013. (*See* ECF #7-10, Pg. ID 275.)

Following the expiration of the Rays' statutory right to redeem the Property pursuant to M.C.L. § 600.3240, US Bank filed a summary proceeding in Michigan's 36th District Court (the "State District Court") to evict the Rays from the Property. The Rays then filed six counterclaims against US Bank in the State District Court: (1) violation of M.C.L. § 600.3205 *et seq.*; (2) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, and 12 C.F.R. § 1024.41 (the "RESPA Regulation"); (3) negligence of duty; (4) illegal foreclosure; (5) violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*; and (6) exemplary damages. (*See* Compl.)

Thereafter, the State District Court entered a stipulated order severing the Rays' counterclaims and transferring them to the Wayne County Circuit Court as a separate action (the "State Circuit Court Action"). (*See* ECF #1-3.) On May 7, 2014, US Bank removed the State Circuit Court Action to this Court. (*See* ECF

---

[2] For purposes of this Motion, the Court accepts as true the factual allegations in the Complaint.

3

#1.) On August 7, 2014, US Bank filed the instant Motion to Dismiss the Rays' claims pursuant to Fed. R. Civ. P. 12(b)(6). (*See* the Motion.)

The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2). For the reasons stated below, the Court now **GRANTS** the Motion.

## GOVERNING LEGAL STANDARD

Rule 12(b)(6) provides for dismissal of a complaint when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). When assessing the sufficiency of a plaintiff's claim, a district court must accept all of a complaint's factual allegations as true. *See Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). "Mere conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. A plaintiff must therefore provide "more than labels and conclusions," or "a formulaic recitation of

4

the elements of a cause of action" to survive a motion to dismiss. *Twombly*, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*[3]

## ANALYSIS

The Rays have failed to state a claim on which this Court can grant relief. Indeed, as explained below, each of the theories under which the Rays seek relief has been rejected by the United States Court of Appeals for the Sixth Circuit and/or by other judges in this District on facts similar to those present here. *See, e.g.*, *Campbell v. Nationstar Mortg.*, No. 14-10645, 2014 WL 3808934 (E.D. Mich. May 19, 2014) (Counts I-IV); *Owens v. Fed. Nat'l Mortg. Assoc.*, No. 14-11452, 2014 WL 7105794 (E.D. Mich. Oct. 31, 2014), *report and recommendation adopted*, 2014 WL 7140015 (E.D. Mich. Dec. 12, 2014) (all counts); *Bernard v. Fed. Nat'l Mortg. Assoc.*, No. 12-14680, 2013 WL 1282016, at *7 (E.D. Mich. Mar. 27, 2013), *aff'd*, 587 Fed. App'x 266 (6th Cir. 2014) (Counts I-II and IV-VI).

---

[3] "In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint or that are central to plaintiff's claims, (2) matters of which a court may take judicial notice, and (3) documents that are a matter of public record." *Holliday v. Wells Fargo Bank, NA*, No. 13-cv-11062, 2013 WL 3880211, at *2 (E.D. Mich. July 26, 2013), *aff'd* 569 Fed. App'x 366 (6th Cir. 2014) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

**A. M.C.L. § 600.3205 *et seq.* (Count I) and Illegal Foreclosure (Count IV)**

In Counts I and IV of the Complaint, the Rays allege that US Bank and/or Bank of America failed to comply with certain Michigan laws governing foreclosure proceedings.[4] For instance, the Rays allege that US Bank violated Michigan law by (1) not providing them with notice of the foreclosure, (2) initiating foreclosure proceedings while their loan was under review for a modification, (3) failing to work with the Rays to determine whether they qualified for a loan modification, and (4) not following certain loan modification guidelines. (*See* Compl. at ¶¶15-24, 45-49.) The Rays also allege that US Bank lacked standing to foreclose on the Property. (*See id.* at ¶47.) The Rays ask this Court to set aside the foreclosure of the Property and enjoin the eviction proceedings in the State Court. (*See* Compl. at ¶¶24, 49; *id.* at 19, Pg. ID 30.)

Once the statutory redemption period expires – as it has in this case – "all of [a] plaintiff's rights in and title to the property [are] extinguished." *Bernard*, 587 Fed. App'x at 269 (quoting *Bryan v. JPMorgan Chase Bank*, 848 N.W.2d 482, 485 (Mich. Ct. App. 2014)). Thus, after the redemption period lapses, a mortgagor may invalidate or set aside a foreclosure and sheriff's sale – as the Rays seek to do here – only by making "a clear showing of fraud[] or irregularity." *Conlin v.*

---

[4] The factual basis for many of the Rays' claims against US Bank appears to involve actions allegedly taken by Bank of America, the entity that allegedly serviced the Rays' loan. For simplicity, the Court will refer only to US Bank in the remainder of this Opinion and Order.

*Mortg. Elec. Registration Sys.*, 714 F.3d 355, 359 (6th Cir. 2013) (internal citation omitted). "Even if a mortgagor can show fraud or irregularity relating to the sheriff's sale itself, courts may only set aside the foreclosure if the mortgagor [also] shows that … she was prejudiced by the fraud or irregularity." *Bernard,* 587 Fed. App'x at 269. "To demonstrate … prejudice, [a mortgagor] must show that [she] would have been in a better position to preserve [her] interest in the property absent defendant's noncompliance with the statute." *Id.* (quoting *Conlin*, 714 F.3d at 361).

Even if the Rays could make a clear showing of fraud or irregularity, the Rays still would not be entitled to relief because they have not sufficiently alleged that they were prejudiced by US Bank's alleged noncompliance with Michigan foreclosure laws. Indeed, the Rays have alleged that they were prejudiced only in the most general sense. (*See, e.g.*, Compl. at ¶13 (the Rays were "severely prejudiced by the misconduct" of US Bank); ¶24 (the Rays "have suffered prejudice and damages including the foreclosure of their home"); ¶43 (US Bank's "negligent actions … caused prejudice as a result of the foreclosure").) The Rays have failed to allege any facts demonstrating that they would have been better able to preserve their interest in the Property absent the alleged irregularities. The Rays' cursory allegations of prejudice are plainly insufficient to state a claim on which relief can be granted. *See, e.g.*, *Holliday*, 569 Fed. App'x at 371-72

7

(affirming dismissal of plaintiff's claim due to unsubstantiated allegations of prejudice).

## B. RESPA and the RESPA Regulation (Count II)

Next, the Rays allege that US Bank violated the RESPA Regulation by commencing and/or completing foreclosure proceedings on the Property while still reviewing the Rays' loan for a possible modification.[5] The Rays assert that US Bank also violated section 6(k)(1)(E) of RESPA, 12 U.S.C. § 2605(k)(1)(E), which prohibits mortgage servicers from failing to comply with any regulation implementing RESPA.

US Bank argues that the Rays are not entitled to relief because the RESPA Regulation did not become effective until January 10, 2014, *see* 78 Fed. Reg. 60,382 (Oct. 1, 2013) – more than six months *after* the Property was sold at the foreclosure sale. (*See* Motion at 16, Pg. ID 199.) US Bank contends that because the RESPA Regulation was not in effect at the time of the foreclosure proceedings, the Rays have not stated a claim on which relief can be granted. (*See id.*) The Rays respond that the Court should apply the RESPA Regulation retroactively. (*See* the "Response Brief," ECF #8 at 13, Pg. ID 382.)

---

[5] Among other things, the RESPA Regulation prohibits a loan servicer from "mak[ing] the first notice or filing required by applicable law for any … foreclosure" or "mov[ing] for foreclosure judgment" after a borrower submits a complete loan modification application unless certain conditions are met. 12 C.F.R. § 1024.41(f)-(g).

"Retroactivity is not favored in the law. Thus, congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988). "[T]he presumption against retroactivity is strong." *Mossaad v. Gonzales*, 244 Fed. App'x 701, 704 (6th Cir. 2007).

In this case, the Rays have not even attempted to identify any language in RESPA or the RESPA Regulation that requires retroactive application. Instead, the Rays argue that the RESPA Regulation falls within an exception to the strong presumption against retroactivity because RESPA is a "remedial statute." (Resp. Br. at 17, Pg. ID 386 (citing *Kia Motors Am., Inc. v. Glassman Oldsmobile Saab Hyundai, Inc.*, 706 F.3d 733, 739 (6th Cir. 2013) and *Marais v. Chase Home Finance LLC*, 736 F.3d 711, 719 (6th Cir. 2013)).) But the Rays have cited no authority in which any court has retroactively applied the RESPA Regulation. In fact, at least one judge in this District has rejected the argument – similar to the one the Rays assert here – that the RESPA Regulation is subject to retroactive application. *See Campbell*, 2014 WL 3808934, at *5. Other federal courts have likewise declined to apply RESPA and its implementing regulations retroactively. *See, e.g.*, *Wright v. PNC Mortg.*, No. 14-2860, 2014 U.S. Dist. LEXIS 132413, at *1 (E.D. Pa. Sept. 22, 2014) ("RESPA's provisions are not applicable retroactively"); *Davis v. Greenpoint Mortg. Funding, Inc.*, No. 09-2719, 2011 WL

7070221, at *12 n. 5 (N.D. Ga. Mar. 1, 2011) ("there is no indication that Congress intended the provisions altering RESPA to apply retroactively"), *report and recommendation adopted in relevant part*, 2011 WL 7070222 (N.D. Ga. Sept. 19, 2011). The Rays have failed to offer any persuasive rationale for departing from this precedent and applying the RESPA Regulation retroactively.

**C. Negligence of Duty (Count III)**

In Count III, the Rays allege that US Bank failed to comply with servicing guidelines established by the Home Affordable Mortgage Program ("HAMP"), a federal government program established pursuant to the Emergency Economic Stabilization Act, 12 U.S.C. § 5201 *et seq.* (*See* Compl. at ¶¶38-43.) The Rays do not attempt to bring a claim to enforce HAMP. *See Nafso v. Wells Fargo Bank, N.A.*, No. 11-10478, 2011 WL 1575372, at *2-3 (E.D. Mich. Apr. 26, 2011) ("homeowners do not have a private right of action under HAMP"). Instead, the Rays contend that US Bank's alleged failure to adhere to HAMP guidelines amounts to common-law negligence. (*See id.*)

Under Michigan law, in order to prevail on a negligence claim, a plaintiff must establish a "duty, breach of that duty, causation, and damages." *Brown v. Brown*, 739 N.W.2d 313, 317 (Mich. 2007). Duty is "the legal obligation to conform to a specific standard of conduct in order to protect others from

unreasonable risks of injury." *Lelito v. Monroe*, 729 N.W.2d 564, 566 (Mich. Ct. App. 2006).

The Rays' negligence claim fails because they cannot establish that US Bank breached a duty owed to them. The Rays claim that US Bank owed them a duty under HAMP "to properly evaluate [their loan] for a modification." (Resp. Br. at 10, Pg. ID 379.) But courts have overwhelmingly held that HAMP *does not* impose any such duty on a mortgage lender or servicer. *See, e.g.*, *Johnson v. Nationstar Mortg., LLC*, No. 14-02636, 2014 WL 5377636, at *4 (D. Md. Oct. 21, 2014) ("HAMP does not create any legal duty owing from mortgage loan service[r]s to borrowers"); *Legore v. OneWest Bank, FSB*, 898 F.Supp.2d 912, 919 (D. Md. Oct. 15, 2012) ("the HAMP loan modification process does not create the 'special circumstances' required to form a tort duty"); *Seidel v. Wells Fargo Bank, N.A.*, No. 12-10766, 2012 WL 2571200, at *4 (D. Mass. July 3, 2012) ("HAMP … does not create an independent duty for mortgagors where no other basis for that duty exists. Thus, plaintiff's claim for negligence fails…"); *Markle v. HSBC Mortg. Corp.*, 844 F.Supp.2d 172, 185 (D. Mass. 2011). And judges in this District have cautioned that "courts should be reluctant to allow plaintiffs to recast [HAMP] claims … as tort violations." *Campbell*, 2014 WL 3808934, at *5 (quoting *Ahmad v. Wells Fargo Bank, N.A.*, 861 F.Supp.2d 818, 828 (E.D. Mich. 2012)). Faced with these precedents, the Rays have not cited any Michigan case

holding that HAMP imposes a legal duty on a lender sufficient to support a claim for common-law negligence. Because the Rays cannot establish that US Bank owed them a duty under HAMP, their negligence claim fails.

The Rays resist this conclusion. They argue that "violations of … a federal statute can be used 'offensively' to establish a state law cause of action." (Resp. Br. at 11, Pg. ID 380.) Relying on *Mik v. Fed. Home Loan Mortg. Corp.*, 743 F.3d 149, 166-67 (6th Cir. 2014), the Rays contend that US Bank's alleged violation of HAMP guidelines would, if proven, support their claim for state-law negligence.[6] The First Circuit recently rejected a similar argument in *MacKenzie v. Flagstar Bank, FSB*, 738 F.3d 486 (1st Cir. 2013):

> The MacKenzies correctly point out that "violations of a statute may constitute evidence of negligence," and that "[a] claim for negligence based on a statutory or regulatory violation can survive even where there is no

---

[6] Another Court in this District found *Mik, supra*, inapposite to a negligence claim brought by counsel for the Rays in a different case:

> Citing [*Mik*], an unlawful eviction action brought by tenants who were evicted from their rental home after their landlord defaulted on her mortgage and the property was sold at foreclosure sale, Campbell argues that she can raise the failure of Defendants to evaluate her loan for modification to overturn a foreclosure or eviction. The case is inapplicable because it concerns the Protecting Tenants at Foreclosure Act … which may be used as a defense in a foreclosure action. Furthermore, the instant case is not an eviction proceeding….

*Campbell*, 2014 WL 3808934, at *5, n.2 (dismissing negligence claim based on alleged violation of HAMP).

> private cause of action under that statute or regulation." Both of those propositions are true, but neither directly addresses the dispositive issue here: statutory or regulatory violations cannot give rise to a negligence claim when there is no independent duty of care between the parties…. [I]n the absence of an independent duty, a plaintiff cannot proceed with a negligence claim based solely on a statutory or regulatory violation.

*Id.* at 495-96 (affirming dismissal of negligence claim based on alleged violation of HAMP). *See also Brown v. Bank of Am. Corp.*, No. 10-11085, 2011 WL 1311278, at *4 (D. Mass. Mar. 31, 2011) ("while violation of a regulation such as HAMP may provide evidence of a breach of a duty otherwise owed, it does not create such a duty in the first place"). This Court finds the First Circuit's reasoning in *MacKenzie* persuasive. The Rays' negligence claim fails as a matter of law.

**D. FHA (Count V)**

The Rays – who are African American – allege that US Bank discriminated against them on the basis of their race in violation of the FHA by refusing to review their loan for a modification under HAMP. (*See* Compl. at ¶¶50-66.) To state a claim under the FHA, the Rays must show that (1) they were a member of a protected class; (2) they attempted to engage in a "real estate-related transaction" and met all relevant qualifications for doing so; (3) US Bank refused to transact business with the Rays despite their qualifications; and (4) US Bank continued to engage in that type of transaction with other parties with similar qualifications.

*See Bernard*, 587 Fed. App'x at 272 (citing *Mich. Prot. & Advocacy Serv., Inc. v. Babin*, 18 F.3d 337, 346 (6th Cir. 1994)).

The Rays' FHA claim fails because they have not alleged the essential elements of this cause of action. Although the Rays contend that a Bank of America staff person "at one point indicated [that the Rays] could purchase their property at the fair market value" (Compl. at ¶8), the Rays have not alleged that they met all relevant qualifications for engaging in a loan modification under HAMP. Moreover, the Rays have not alleged that US Bank continued to engage in HAMP loan modifications with others outside of their protected class while denying the Rays a modification. Accordingly, the Rays have failed to state a claim on which relief can be granted.

### E. Exemplary Damages (Count VI)

In Count VI, the Rays contend that the Court should award exemplary damages because US Bank's conduct "was malicious, or willful and wanton." (Compl. at ¶68.) "[E]xemplary damages are a form of compensation for an injury … they do not qualify as a cause of action." *Bernard*, 2013 WL 1282016, at *7. Accordingly, Count VI of the Rays' Complaint fails to state a claim.

## CONCLUSION

For all the reasons stated in this Opinion and Order, **IT IS HEREBY ORDERED** that US Bank's Motion to Dismiss (ECF #7) is **GRANTED** and the Rays' Complaint is **DISMISSED WITH PREJUDICE**.

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated:  January 28, 2015


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 28, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda<br>
Case Manager<br>
(313) 234-5113